UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**ROBERT RUTLEDGE,**

    Plaintiff,

v.                                           CASE NO.   5:17-cv-03587
                                                     (Removed from the Circuit Court
**MERRICK BANK CORPORATION,**    of Raleigh County, Case No. 17-C-300-K)

    Defendant.

## NOTICE OF REMOVAL

NOW COMES the Defendant, Merrick Bank Corporation ("Merrick Bank"), by counsel Joseph T. Cramer, Caleb B. David, and Shuman, McCuskey & Slicer, PLLC, and pursuant to 28 U.S.C. 1332, 1441, and 1446, files this Notice of Removal from the Circuit Court of Raleigh County, West Virginia to the United States District Court for the Southern District of West Virginia. In support of this Notice of Removal, based upon diversity jurisdiction, the Defendant submits the following:

1.    Complete diversity of citizenship exists between the parties and this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). This action is removable pursuant to 28 U.S.C. § 1441.

2.    On or about May 31, 2017, Plaintiff filed this action against the Defendant in the Circuit Court of Raleigh County, West Virginia. The state court case is styled: *Robert Rutledge v. Merrick Bank*, as case number 17-C-300 (the "state court action"). A copy of all pleadings filed in the state court action and a copy of the docket sheet in the state court action are attached as Exhibit A. In accordance with 28 U.S.C. § 1446(d), a true and correct copy of this Notice of

Removal is being filed concurrently with the Clerk of the Circuit Court for Raleigh County, West Virginia and served upon all parties of record.

3. This Notice of Removal is timely filed. Plaintiff served process upon the West Virginia Secretary of State on June 12, 2017, and Defendant received service of the Complaint and the corresponding summons through the West Virginia Secretary of State on June 19, 2017. The removal of this action to this Court is timely because this Notice of Removal is filed within 30 days of service upon this Defendant of Plaintiff's summons and complaint. Merrick Bank is the only defendant in this case. Therefore, no other parties need to consent to this removal. Merrick Bank demonstrates its consent to this removal by the signature of counsel set forth below.

## I. DIVERSITY JURISDICTION

4. The Plaintiff is a resident of West Virginia. Pl.'s Compl. ¶ 1.

5. Defendant, Merrick Bank, is a foreign corporation, incorporated in the State of Utah with its principal place of business in the state of Utah. Pl.'s Compl. ¶ 2. For purposes of diversity of citizenship, a corporation shall be deemed to be a citizen of every state in which it has been incorporated and of the state where it has its principal place of business. *See* 42 U.S.C. § 1332. Therefore, Defendant, Merrick Bank, is a resident of Utah for the purposes of diversity of citizenship.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1441. Defendant seeks to remove this case to the Southern District of West Virginia. The Circuit Court of Raleigh County, West Virginia is located within this District and cases arising in Raleigh County, West Virginia are properly assigned to the Southern District of this Court. *See* 28 U.S.C. § 129(b).

## II. AMOUNT IN CONTROVERSY

7.  The Plaintiff's Complaint alleges violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA") (W. Va. Code §§ 46A-2-124, 125, 127 and 128), violations of the West Virginia Computer Crime and Abuse Act (W.Va. Code § 61-3C-1 *et. seq.*) and asserts common law claims for intentional infliction of emotional distress and invasion of privacy. *See* Pl.'s Compl., attached hereto Ex. A.

8.  Plaintiff seeks recovery of actual, statutory, and punitive damages in addition to attorneys' fees and costs. Compl. ¶ Demand for Relief.

9.  Plaintiff's demand for relief is based on his allegation that Defendant attempted to collect a debt from Plaintiff through use of "telephone calls placed to Plaintiff, by written communications and did otherwise communicate with Plaintiff to collect the alleged debt." Compl. ¶ 3.

10. In a removal action in which federal jurisdiction is premised upon 28 U.S.C. § 1332, the defendant bears the burden of proving that the plaintiff's claim exceeds the jurisdictional amount. *Landmark Corp. v. Apogee Coal Co.*, 945 F.Supp. 932, 935 (S.D.W.Va.1996). When a complaint's *ad damnum* clause does not specifically state the amount in controversy, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir.2013). In order to meet the preponderance of the evidence standard and to establish jurisdiction upon removal, a defendant must show that it is more likely than not that the amount in controversy exceeds the jurisdictional amount. *Landmark Corp.*, 945 F.Supp. 114 at 935. In determining if a Defendant has met its burden to establish the amount in controversy, "a court must consider the entire record and

make an independent evaluation of whether the amount in controversy has been satisfied." *Weddington v. Ford Motor Credit Co.*, 59 F.Supp.2d 578, 584 (S.D.W.Va.1999); *see also Mullins v. Harry's Mobile Homes*, 861 F.Supp. 22, 24 (S.D.W.Va.1994) (specifically stating that court may consider complaint, removal petition, and "other relevant matters in the file"). In conducting this analysis, the court may consider the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate. *Watterson v. GMRI, Inc.*, 14 F.Supp.2d 844, 850 (S.D.W.Va.1997) (internal citations omitted). In resolving the amount in controversy issue, a court "is not required to leave its common sense behind." *Mullins*, 861 F.Supp. at 24.

    11. Based on the allegations of Plaintiff's Complaint, the aggregate amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs, for at least three (3) distinct reasons:

    (a) In the ad damnum clause of Plaintiff's Complaint, Plaintiff seeks recovery of "[s]tatutory damages in the ***maximum amount*** authorized by West Virginia Code §46A-5-101(1) as adjusted for inflation pursuant to West Virginia Code §46A-5-106 for all such violations that occurred up to the date and time of the filing of this complaint." Compl. ¶ Demand for Relief (emphasis added). West Virginia Code § 46A-5-101(1) provides for recovery of a maximum statutory penalty of $175,000.00. If Plaintiff prevails and is awarded "statutory damages in the maximum amount authorized by West Virginia Code §46A-5-101," as sought in the ad damnum clause of his Complaint, Plaintiff's potential recovery would be $175,000.00. Therefore, considering only Plaintiff's claims which seek recovery of maximum statutory damages under this provision of the WVCCPA, Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.

(b)     Second, Plaintiff seeks "general damages and punitive damages" for "Defendant's conduct as alleged in Count II [West Virginia Computer Crime and Abuse Act], III [Intentional Infliction of Emotional Distress] and IV [Common Law Invasion of Privacy]." Compl. ¶ Demand for Relief.    Plaintiff's claims for actual and punitive damages should be included in the amount in controversy analysis.   *See, e.g., Thomas*, 5:14-CV-79, 2014 WL 4954389, at *3 (citing *Watterson v. GMRI, Inc.*, 14 F.Supp.2d 844, 850 (S.D.W.Va.1997) (recognizing that in determining the amount in controversy a Court should consider *inter alia* "the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate.")).

(c)     Third, Plaintiff seeks an award of attorney's fees.   Compl. ¶ Demand for Relief.   Attorney's fees are to be included in the calculation of the amount in controversy because they are specially provided for in the WVCCPA. *See, e.g., Griffith v. GE Money Bank, NCO Fin. Sys., Inc.*, No. CIV. A. 5:10-CV-37, 2010 WL 2426006, at *2 (N.D.W. Va. June 11, 2010) (recognizing that where a "statute specifically creates a substantive right to recover attorney's fees, the fees may be considered in calculating the amount in controversy") (citing *Saval v. BL Ltd.*, 710 F.2d 1027, 1033 (4th Cir.1983)).

12.    Plaintiff has not filed a binding stipulation which would limit his recovery to less than $75,000.   *See, e.g., Shumate v. Dyncorp Int'l LLC*, Civil Action No. 5:11-980, 2012 WL 830241 at *1 (S.D.W. Va. Mar. 9, 2012) ("[w]hen properly presented by a plaintiff, stipulations may be used, in part, to limit the amount in controversy for the purpose of defeating jurisdiction in this Court"); *see also Hicks v. Herbert,* 122 F. Supp. 2d 699, 701 (S.D.W. Va. 2000) ("because under West Virginia law Plaintiffs' recovery is theoretically unlimited, only a binding stipulation that they would not seek nor accept more than $75,000 could limit the potential recovery"); *McCoy*

5

*v Erie Ins. Co.*, 147 F. Supp.2d at 485 ("[t]he better rule requires a formal, truly binding, pre-removal stipulation signed by counsel and his client explicitly limiting recovery"); *McGovern v. PPG Industries, Inc.,* Civil Action NO. 5:14-6, 2014 WL 1408077, n. 3 (N.D.W. Va. Apr. 11, 2014) ("[i]t is worth noting that [plaintiff] is largely responsible for allowing [defendant] the opportunity to remove his complaint. The United States Supreme Court permits plaintiffs to block removal by 'suing for less than the jurisdictional amount.' [citation omitted]. Many other courts enforce a plaintiff's binding, pre-removal stipulation that he will not seek or accept an award greater than $75,000 [citing McCoy, 147 F. Supp.2d at 485]. [Plaintiff] took none of these precautions."). Because Plaintiff failed to file a binding stipulation regarding the jurisdictional amount in controversy at the time he filed his Complaint, given the damages claimed, Plaintiff cannot now argue that this civil action does not meet the jurisdictional amount requirement.

## CONCLUSION

13. Merrick Bank reserves the right to amend or supplement this Notice of Removal.

14. No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, affirmative defenses, and motions are hereby reserved by Merrick Bank.

15. If any question arises as to the propriety of the removal of this action, Defendant requests an opportunity to present a brief or additional evidence in support of its position that this case is removable. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (announcing general rule that post-removal evidence in assessing removal jurisdiction may be considered by the Court).

WHEREFORE, pursuant to 28 U.S.C. §§ 1441 and 1446, removal of the above-styled state court action to this Court is proper.

DATED: July 11, 2017

MERRICK BANK CORPORATION,

**By Counsel**

_/s/ Caleb B. David_

Joseph T. Cramer, Esquire (WV Bar #11455)
Caleb B. David, Esquire (WV Bar #12732)
Shuman, McCuskey & Slicer, PLLC
Street: 1411 Virginia Street, East, Suite 200 [25301]
P.O. Box 3953
Charleston, WV 25339
jcramer@shumanlaw.com
cdavid@shumanlaw.com
(304) 345-1400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**ROBERT RUTLEDGE,**

      Plaintiff,

v.

**MERRICK BANK CORPORATION,**

      Defendant.

**CASE NO.**
**(Removed from the Circuit Court**
**of Raleigh County, Case No. 17-C-300-K)**

### CERTIFICATE OF SERVICE

I, Joseph T. Cramer/Caleb B. David, counsel for Defendant, hereby certify that on this 11th day of July, 2017, I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Steven R. Broadwater, Jr., Esq. (WVSB #11355)
Hamilton, Burgess, Young & Pollard, PLLC
493 Maple Lane
P. O. Box 959
Fayetteville WV 25840-0959
*Counsel for Plaintiff*

Dated this 11th day of July, 2017.

Joseph T. Cramer (WV Bar #11455)
Caleb B. David (WV Bar #12732)

8