**(/DEFAULT.ASPX)**

Civil
Case Information
Tenth Judicial Circuit of Raleigh County


17-C-300
Judge: H. L. KIRKPATRICK, III
ROBERT RUTLEDGE VS. MERRICK BANK CORP


**Plaintiff(s)**

                **Plaintiff Attorney(s)**

RUTLEDEGE, ROBERT

                STEVEN BROADWATER, JR.


**Defendant(s)**

                **Defendant Attorney(s)**

MERRICK BANK CORP

                          N/A


Date Filed: 05/31/2017
Case Type: MISCELLANEOUS CIVIL
Appealed: 0
Final Order Date: N/A
Statistical Close Date: N/A


| Line | Date | Action / Result |
|------|------|-----------------|
| 0001 | 05/31/2017 | CASE FILED - ISSUED SUMMONS ALONG W/ COMPLAINT, RETN TO ATTY FOR |
| 0002 | | SERV. DP (LS) |
| 0003 | 06/12/2017 | CERT OF SERV/PLTFS 1ST SET OF INTERROGATORIES AND REQS FOR |
| 0004 | | PROD OF DOCS TO DEFT. MBS (CC) |
| 0005 | 06/15/2017 | RECEIVED ACCEPTANCE FROM SECRETARY OF STATE ON BEHALF OF MERRICK |
| 0006 | | BANK CORP ON 06/12/17 (AP) (LS) |

---

These materials have been prepared by the Office of the Clerk of the various Circuit Courts from original sources and data believed to be reliable. The information contained herein, however, has not been independently verified by the Office of the Clerk or Software Computer Group, Incorporated. The Office of the Clerk of the Circuit Courts and Software Computer Group, Inc. assume no liability for the accuracy, completeness, or timeliness of the information contained herein.

Software Computer Group | PO Box 27 | Fraziers Bottom WV 25082

Exhibit A

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



USPS CERTIFIED MAIL™



9214 8901 1251 3410 0002 0989 54

**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

MERRICK BANK CORPORATION
10713 SOUTH JORDAN GATEWAY
SOUTH JORDAN, UT 84095



RECEIVED JUN 19 2017

| | | | |
|---|---|---|---|
| **Control Number:** 196824 | | | |
| **Defendant:** MERRICK BANK CORPORATION | | **County:** Raleigh | |
| 10713 SOUTH JORDAN GATEWAY | | **Civil Action:** 17-C-300 | |
| SOUTH JORDAN, UT 84095 US | | **Certified Number:** 92148901125134100002098954 | |
| | | **Service Date:** 6/12/2017 | |

I am enclosing:

**1 interrogatories, 1 request for production, 1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your unauthorized foreign corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process  in the name and on behalf of your unauthorized foreign corporation as your attorney-in-fact.  Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper,* **not to the Secretary of State's office**.

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

CIVIL ACTION NO. *17-C-300-k*

ROBERT RUTLEDGE,                                    PLAINTIFF

V.

MERRICK BANK CORPORATION,                   DEFENDANT

To the above-named Defendant:   **MERRICK BANK CORPORATION**
**10713 SOUTH JORDAN GATEWAY**
**SOUTH JORDAN, UT 84095**

**IN THE NAME OF THE STATE OF WEST VIRGINIA**: You are hereby summoned and required to serve upon **RALPH C. YOUNG, CHRISTOPHER B. FROST, STEVEN R. BROADWATER, JR.,** and **JED R. NOLAN,** plaintiff's attorney, whose address is **P O BOX 959, FAYETTEVILLE, WEST VIRGINIA 25840,** an answer, including any related counterclaim or defense you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is hereby delivered to you. You are required to serve your written answer with the Clerk of this Court, and with a copy of said answer served upon plaintiff's attorney within **THIRTY (30)** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: *May 31, 2017*

*Paul H. Flanagan*
Clerk of Court

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

ROBERT RUTLEDGE,                                        PLAINTIFF

V.                                          CIVIL ACTION NO. 17-C-300-K

MERRICK BANK CORPORATION,                      DEFENDANT

RALEIGH COUNTY
RECEIVED AND FILED
MAY 3 1 2017
PAUL H FLANAGAN
CIRCUIT CLERK

## COMPLAINT

1.      The Plaintiff, Robert Rutledge, is a resident of West Virginia.

2.      The Defendant, Merrick Bank Corporation, (herein "Merrick Bank") is a national bank having its principal offices in a state other than West Virginia and which does business in West Virginia.

3.      After the Plaintiff became in arrears upon an alleged indebtedness to the Defendant, Merrick Bank, the Defendant began to engage in collection of such indebtedness through the use of telephone calls placed to Plaintiff, by written communications and did otherwise communicate with Plaintiff to collect the alleged debt.

### COUNT I

#### VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT

4.      The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

5.      The Plaintiff is a "person" who falls under the protection of Article 2 of the West Virginia Consumer Credit and Protection Act (herein "WVCCPA") and is entitled to the remedies set forth in Article 5 of the WVCCPA.

Exhibit A

6.    The Defendant, Merrick Bank, is a debt collector as defined by *West Virginia Code* §46A-2-122(d) engaging directly or indirectly in debt collection as defined by *West Virginia Code* §46A-2-122(c) within the State of West Virginia, including Raleigh County, West Virginia.

7.    The Defendant has engaged in repeated violations of Article 2 of the West Virginia Consumer Credit and Protection Act, including but not limited to,

      a.    attempting to collect a debt by coercion in violation of *West Virginia Code* §46A-2-124;

      b.    engaging in unreasonable or oppressive or abusive conduct towards the Plaintiff in connection with the attempt to collect a debt by placing telephone calls to the Plaintiff in violation of *West Virginia Code* §46A-2-125;

      c.    causing Plaintiff's phone to ring or engaging persons, including the Plaintiff, in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiff in violation of *West Virginia Code* §46A-2-125(d);

      d.    utilizing fraudulent, deceptive or misleading representations or means in an attempt to collect a debt in violation of *West Virginia Code* §46A-2-127; and

      e.    using unfair or unconscionable means to collect a debt from Plaintiff in violation of *West Virginia Code* §46A-2-128.

Exhibit A

8.     As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT II

### VIOLATION OF THE WEST VIRGINIA COMPUTER CRIME AND ABUSE ACT

9.     The Plaintiff is a "person" as defined by *West Virginia Code* §61-3C-3(n) as Plaintiff is a "natural person."

10.     The Defendant is a "person" as defined by *West Virginia Code* §61-3C-3(n) as Defendant is a "limited partnership, trust association or corporation."

11.     The Defendant, with the intent to harass, used an "electronic communication device" as defined by *West Virginia Code* §61-3C-14a to make contact with the Plaintiff after being requested by the Plaintiff to desist from contacting the Plaintiff in violation of *West Virginia Code* §61-3C-14a(a)(2).

12.     The Plaintiff was injured as a result of the violations of the West Virginia Computer Crime and Abuse Act as set forth above.

13.     Plaintiff seeks compensatory damages for injuries as provided by *West Virginia Code* §61-3C-16(a)(1) and punitive damages pursuant to *West Virginia Code* §61-3C-16(a)(2).

Exhibit A

14.    As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT III

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

15.    The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

16.    The following conduct of Defendant was atrocious, intolerable and extreme so as to exceed the bounds of decency:

a.    Defendant has adopted policies and procedures without regard to West Virginia law, which violate West Virginia law and are designed to, or have the effect of, inflicting emotional distress upon consumers to coerce the consumer to pay money to the Defendant;

b.    Insofar as Defendant's violations of the WVCCPA are deemed to be "willful," pursuant to *West Virginia Code* §46A-5-103(4) such conduct is, as a matter of law, criminal conduct punishable by fine and/or imprisonment;

c.    Insofar as Defendant's conduct caused a phone to ring with the intent to harass, such conduct is criminal conduct pursuant to *West Virginia Code* §61-8-16(a)(3), §61-8-16(a)(4), §61-8-16(b) and §61-3C-14a.

17.    As a result of the Defendant's actions, the Plaintiff has suffered emotional distress.

Exhibit A

18.    As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT IV

### COMMON LAW INVASION OF PRIVACY

19.    The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

20.    The Plaintiff has an expectation of privacy to be free from harassing and annoying telephone calls.

21.    The acts of the Defendant in placing telephone calls to Plaintiff's telephone number invaded, damaged and harmed Plaintiff's right of privacy.

22.    As a result of the Defendant's actions, the Plaintiff suffered emotional distress.

23.    As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.   In fact, Plaintiff enjoys the "right to avoid unwelcome speech...in the privacy of [their] home."  Hill v. Colorado, 530 U.S. 703, 717, 120 S. Ct. 2480, 147 L. Ed. 2d 597 (2000).   Defendant's debt collection activities interject commercial speech directly into Plaintiff's home against his wishes.  Defendant's right to engage in this manner of speech is in direct conflict with Plaintiff's right to privacy in his home. Where these two rights are in the balance, it is the right to privacy that generally

Exhibit A

carries more weight.  See, e.g., Rowan v. United States Post Office Dept, 397 U.S. 728, 90 S. Ct. 1484, 25 L. Ed. 2d 736 (1970) (upholding a law prohibiting advertisers from sending mail to persons who have requested to be removed from mailing lists); Nat'l Fed'n of the Blind v. FTC, 420 F.3d 331 (4th Cir. 2005) (upholding restrictions on telemarketing calls by charitable organizations); Mainstream Mktg. Servs. v. FTC, 358 F.3d 1228 (10th Cir.2004) (rejecting challenge to national do-not-call registry).

**DEMAND FOR RELIEF**

Plaintiff demands from the Defendant:

A.      Actual damages for annoyance, aggravation, distress, bother and anxiety, for the violations of the WVCCPA as authorized by *West Virginia Code* §46A-5-101(1) for all such violations that occurred up to the date and time of the filing of this complaint;

B.      Statutory damages in the maximum amount authorized by *West Virginia Code* §46A-5-101(1) as adjusted for inflation pursuant to *West Virginia Code* §46A-5-106 for all such violations that occurred up to the date and time of the filing of this complaint;

C.      Plaintiff's cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* §46A-5-104;

D.      The Plaintiff be granted general compensatory damages and punitive damages for Defendant's conduct alleged in Count II, III and IV; and

Exhibit A

E.      Such other relief as the Court shall deem meet and proper under the attendant

circumstances.

                                                    **ROBERT RUTLEDGE**

                                                    BY COUNSEL

HAMILTON, BURGESS, YOUNG
        & POLLARD, *pllc*

BY

Ralph C. Young  *(W. Va. Bar #4176)*
        ryoung@hamiltonburgess.com
Christopher B. Frost  *(W. Va. Bar #9411)*
        cfrost@hamiltonburgess.com
Steven R. Broadwater, Jr. *(W. Va. Bar #11355)*
        sbroadwater@hamiltonburgess.com
Jed R. Nolan *(W. Va. Bar #10833)*
        jnolan@hamiltonburgess.com
*Counsel for Plaintiff*
P. O. Box 959
Fayetteville, WV 25840
304-574-2727

f:\cm\23371\23371complaint.docx

Exhibit A

CERTIFIED MAIL

US POSTAGE >> PITNEY BOWES

ZIP 25311 $ 006.62⁰
02 4W
0000336734 JUN 13 2017

RECEIVED JUN 19 2017

Monique

BUSINESS & LICENSING
1610 - 00

Exhibit A

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

ROBERT RUTLEDGE,                          PLAINTIFF

V.                                    CIVIL ACTION NO. 17-C-300(K)
*Judge H.L. Kirkpatrick, III*

MERRICK BANK CORPORATION,          DEFENDANT

## CERTIFICATE OF SERVICE

I, **STEVEN R. BROADWATER, JR.,** counsel for the Plaintiff, do hereby certify that a copy of the **PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT** was forwarded to the Circuit Clerk of Raleigh County, West Virginia, by mailing true copies of the same by United States mail, postage prepaid, on this the 8th day of June, 2017, for acceptance of service by:

> **ATTN: Process Section**
> Corporations Division
> West Virginia Secretary of State
> Bldg. 1, Suite 157-K
> 1900 Kanawha Blvd. East
> Charleston, WV 25305-0770

**STEVEN R. BROADWATER, JR.**

Exhibit A